# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 4, 2013

## DON MASK BROWN, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 08-01-0599      J. Weber McCraw, Judge**

---

**No. W2012-02462-CCA-R3-PC  - Filed June 13, 2013**

---

Don Mask Brown, Jr., ("the Petitioner") was convicted by a jury of second degree murder and aggravated robbery. The trial court sentenced the Petitioner to an effective sentence of fifty-five years' incarceration. The Petitioner, pro se, subsequently filed a petition for post-conviction relief. The post-conviction court summarily denied relief, and this appeal followed. After a review of the record and applicable law, we affirm the post-conviction court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Don Mask Brown, Jr., pro se, appellant.

Robert E. Cooper, Jr., Attorney General & Reporter; Clarence E. Lutz, Assistant Attorney General; for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Following a jury trial, the Petitioner was convicted of second degree murder and aggravated robbery. The trial court sentenced the Petitioner to an effective term of fifty-five years' incarceration for these crimes. This Court affirmed the Petitioner's convictions and sentences on direct appeal. See State v. Don Mask Brown, Jr., No. W2009-01001-CCA-R3-CD, 2010 WL 4618834, at *8 (Tenn. Crim. App. Nov. 12, 2010) (no perm. app. filed).

On October 8, 2012, the Petitioner filed pro se a petition for post-conviction relief, alleging that the State failed to disclose all discovery prior to trial and that he was denied

effective assistance of counsel at trial. The post-conviction court summarily denied relief on the basis that the Petitioner's petition was filed outside the applicable statute of limitations and, therefore, was untimely. The Petitioner timely appealed. We now affirm the post-conviction court's judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals.[1]

Claims for post-conviction relief must be filed within one year of the underlying judgments becoming final. Tenn. Code Ann. § 40-30-102(a) (2006). The only statutory reasons that a post-conviction court may consider a petition filed outside the limitations period are the following:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of the right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Id. § -102(b).

In this case, the Petitioner clearly did not file his petition within the one-year time period. The judgment in his underlying appeal became final on November 12, 2010. The Petitioner did not file the instant petition until October 8, 2012.

The Petitioner's only stated reason for filing his petition in an untimely manner was as follows: "Petitioner wasn't aware that he could seek relief from sentence, until very recently, and now the petitioner wishes to pursue relief further on a constitutional violation which possibly occurred throughout this procedure." His alleged constitutional violations were that the State failed to provide all discovery to him prior to trial[2] and that he received ineffective assistance of counsel. Neither of these claims meet any of the three statutory reasons for tolling the statute of limitations. See id. Therefore, the post-conviction court committed no error in summarily dismissing the petition on this ground.

In conclusion, the Petitioner's petition for post-conviction relief is untimely and fails to satisfy any of the statutory grounds for tolling the statute of limitations. Accordingly, we affirm the post-conviction court's summary denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
JEFFREY S. BIVINS, JUDGE

---

[2] The Petitioner does not claim that the State withheld exculpatory evidence, which could toll the statute of limitations on due process grounds. See Sample v. State, 82 S.W.3d 267, 276 (Tenn. 2002).